■ In the Matter of JAMES H. HELLER, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a personal income tax assessment imposed under Tax Law article 22.

In the determination under review, respondent found that petitioner was a nonresident partner of a New York City law

firm. Petitioner first contends that respondent's finding is not supported by substantial evidence, pointing to undisputed evidence that petitioner was not required to contribute to the firm's capital, had no interest in partnership assets, did not participate in partnership decisions as to management, did not receive a share of the profits and was not liable for partnership losses. While this evidence would clearly support a finding that petitioner was not a partner, respondent's contrary conclusion must nevertheless be sustained if it is supported by substantial evidence (see, Matter of Acosta v Wollett, 55 NY2d 761). Respondent's conclusion that petitioner was a partner is based upon petitioner's Federal tax returns for the years at issue, wherein he reported his compensation from the partnership as partnership income, and the State tax returns of the partnership, which listed petitioner as a partner. Respondent also noted that the partnership did not deduct Social Security or withholding taxes from the amounts paid to petitioner and that petitioner paid his own Social Security taxes. In our view, this evidence provides the necessary rational basis for respondent's conclusion, despite petitioner's contention that his designation as a partner was intended only to enhance his reputation and aid him in attracting clients to the firm (see, Matter of Weinflash v Tully, 93 AD2d 369, 373).

Petitioner next claims that a prior determination by respondent involving his supervisor, which found that the supervisor was not a partner, establishes that respondent's determination is arbitrary and capricious. A reading of the prior decision, however, reveals that the facts were sufficiently different to justify the different conclusion. In particular, the partnership's return listed the taxpayer's compensation as salary, rather than as a distribution of partnership income.

Petitioner's final claim concerns the lengthy and unexplained delay of some six years between the hearing and the final determination in this matter. "In an adjudicatory proceeding, all parties shall be afforded an opportunity for hearing within reasonable time" (State Administrative Procedure Act § 301 [1]), and this right would be illusory if the reasonable time requirement did not extend to the final determination as well as the hearing itself.* In determining whether a

---

* Tax Law § 171 (22), added by the Laws of 1979 (ch 714), provides that respondent must render a final determination within a nine-month period and authorizes the applicant to institute a CPLR article 78 proceeding to compel respondent to render a determination if it does not comply with the nine-month time limit. The hearing herein was held before this statutory requirement was enacted.

period of delay is reasonable within the meaning of the statute, certain factors must be weighed *(Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 178). We find that petitioner has not shown any actual prejudice resulting from the delay and that the public interest in collecting taxes lawfully imposed outweighs the private interest asserted by petitioner. It is also noteworthy that while petitioner's conduct did not cause the delay, he made no inquiry during the six-year period as to the status of his case. The length and nature of the delay in this case differs significantly from that in *Matter of Heller v Chu* (111 AD2d 1007), upon which petitioner relies.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.

Levine, J., dissents and votes to annul in the following memorandum. Levine, J. (dissenting). I respectfully dissent. As the majority correctly notes, respondent's *conclusion* that petitioner was a partner of the New York City law firm of Strook & Strook & Lavan in its Washington, D.C., office for the year 1970 is based solely on (1) his having reported the compensation he received that year as partnership income on his Federal income tax return; (2) the firm's having so reported its payments to him on both its Federal and State income tax returns; and (3) the failure of the firm to have deducted Social Security and withholding taxes from his compensation. Respondent did not find that a partner relationship in fact existed and could not have done so, since all of the evidence clearly negated the existence of that relationship and such a factual finding would have conflicted with other findings made by respondent. Thus, the evidence was that the 1970 agreement was viewed by both sides as purely "cosmetic" to aid petitioner in attracting clients to the firm; that it was understood that petitioner would not share in the firm's profits or losses and would not have a capital account or an interest in the firm's assets; that petitioner did not participate in management decisions; and that he was to receive fixed compensation for the year in question irrespective of the firm's good or bad fortunes that year. Respondent's findings essentially incorporated the foregoing evidence.

New York follows Federal income tax treatment of partnership income (Tax Law § 612 [e]; 20 NYCRR 119.2). The United States Supreme Court has held that, for Federal tax purposes, the existence of a partnership presents a purely factual question of discerning the actual intent of the parties "to join together in the present conduct of the enterprise" *(Commis-*

*sioner v Culbertson,* 337 US 733, 742). The designation of a partnership status on tax returns is but one of many factors to be considered in establishing that intent *(Estate of Kahn v Commissioner of Internal Revenue,* 499 F2d 1186, 1189). Here, every factor negates the inclusion of petitioner in the partnership except the filing of State and Federal tax returns by the law firm, the filing of the Federal return by petitioner and the firm's failure to withhold taxes and Social Security on petitioner's fixed compensation. This distinguishes the instant case from *Matter of Weinflash v Tully* (93 AD2d 369), where the taxpayer had a small proprietary interest in the profits of a brokerage firm, was designated as a general partner and apparently, as such, was approved as an allied member of the New York Stock Exchange. Thus, in *Weinflash,* there were sufficient indicia of a joint enterprise to permit the administrative fact finder to infer that an actual partnership had been created. More pertinent to the instant case is *Matter of Yohalem v State Tax Commn.* (70 AD2d 996), where we held: "While it is true that petitioner listed the $45,000 on his Federal return as partnership income, and that he was listed as a partner in the law firm's stationery and on the door of his own law office * * * such indicia are only useful as tools of construction and should not be given the impact of law where, as here, there is uncontradicted proof that the services which generated the income had been rendered by petitioner in his capacity as a sole practitioner rather than as a partner" *(supra,* pp 996-997).

In essence, respondent, through the guise of a conclusion of law that a partnership existed despite the absence of a partner relationship in fact, is applying an estoppel against petitioner because of the representations to that effect on tax returns of his and of the law firm's. Petitioner, however, never filed a New York tax return designating himself as a partner and hence made no such representation to New York taxing authorities. And I can discern no basis for charging him with any responsibility for what was reported on the tax returns of the law firm or its handling of withholding and Social Security tax payments, since admittedly he had absolutely no control nor any role in management decision making by the firm whatsoever.

Compounding the error in respondent's determination is that, on facts substantially identical to the instant case involving another associate in the law firm's Washington, D.C., office, respondent ruled that no tax liability as a nonresident partner could be imposed. Respondent's brief on review before

us has not even attempted to distinguish the companion case or explain the inconsistent result.* "A decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious" *(Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516-517; *see also, Matter of Lefrak Forest Hills Corp. v Galvin,* 40 AD2d 211, 217).

For the foregoing reasons, I would annul the determination.

---

* The majority's effort to distinguish the companion case on the basis of the designation of the taxpayer's compensation as salary on the firm's partnership return is unavailing. The firm's partnership return is not part of the record. Respondent's decision in the companion case found that the taxpayer therein was designated on the firm's return as a Washington, D.C., partner sharing in the profits of that office. According to the testimony of the State tax auditor at the hearing herein, petitioner was similarly designated on the firm's return as a nonresident partner and the firm's return "shows [petitioner] has received a certain amount of money *as salary* and under interest and *salary* payments in the return with the other partners" (emphasis supplied). This clearly supports the inference that the firm's tax return reported petitioner's status and compensation in identical fashion, and undoubtedly explains why respondent has not asserted the distinction claimed by the majority.