■ GUY FARMER et al., Respondents, v STATE TAX COMMISSION, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Ford, J.), entered May 13, 1987 in Albany County, which granted plaintiffs' motion for summary judgment and declared invalid defendant's assessment of nonresident income taxes against plaintiffs pursuant to Tax Law article 22.

In 1960, plaintiffs Guy Farmer and Raymond N. Shibley became partners in a newly formed Washington, D.C., law firm practicing under the name of Patterson, Belknap and Farmer.[1] Plaintiff Robert J. Wilson joined the Washington firm in 1963 and left in 1966. Plaintiffs John A. McGuinn and James F. Flood, Jr., became partners in the firm in 1968. From 1960 to 1974, the Washington law firm was associated with the New York City law firm of Patterson, Belknap and Webb.[2] The evidence in the record indicates that the relationship between the two firms was established to encourage reciprocal referral of clients. It failed in this purpose and thus the relationship was terminated in 1974.

In the meantime, in July 1973, the Department of Taxation and Finance advised plaintiffs that they had failed to file nonresident income tax returns. The Department eventually sought returns from the various plaintiffs for the following periods: 1960 to 1974 for Farmer and Shibley, 1963 to 1966 for Wilson, and 1969 to 1974 for McGuinn and Flood. Plaintiffs protested that they were not partners of the New York law firm for State tax purposes. In June 1979, the Department issued notices of deficiency to plaintiffs, assessing taxes, penalties and interest totaling nearly $1 million.

In September 1979, plaintiffs commenced this action seeking a declaration that defendant's imposition of nonresident partner income taxes against them violated Tax Law §§ 632 and 637 and their constitutional due process and equal protection rights. Plaintiffs sought an order permanently enjoining defendant from imposing such taxes against them. Farmer also filed a petition for a hearing before defendant, but the hearing never occurred.

Shortly thereafter, plaintiffs moved for a preliminary injunction and defendant cross-moved to dismiss the complaint on the grounds that, *inter alia*, plaintiffs failed to exhaust their administrative remedies and that Tax Law § 1140 provided plaintiffs their exclusive remedy. In a decision rendered in November 1979, Supreme Court denied plaintiffs' motion for a preliminary injunction stating that, although plaintiffs were likely to succeed on the merits, they had not shown irreparable injury. The court also denied defendant's cross motion, finding that a declaratory judgment was the proper method to challenge defendant's action. Defendant filed a notice of appeal but withdrew it. Consequently, the propriety

---

1. The practice is now named Farmer, Shibley, McGuinn and Flood.
2. The practice is now named Patterson, Belknap, Webb and Tyler.

of the remedy of declaratory judgment is not an issue in this appeal.

Plaintiffs moved for summary judgment in January 1986 and defendant cross-moved for summary judgment. Supreme Court granted plaintiffs' motion for summary judgment. The court ruled that although certain outward indicia of partnership existed, none of the requirements for a partnership in fact or as a matter of law existed. Particularly, the court found that the uncontradicted documentary evidence established that there was no sharing of profits or losses between the New York and Washington law firms. Supreme Court thus found that plaintiffs were entitled to a declaration that defendant's attempted assessment of nonresident income taxes on plaintiffs exceeded statutory and constitutional limits. Plaintiffs' motion for a permanent injunction was denied since the court presumed that defendant, a government agency, would adhere to the court's decision. Defendant appeals.

We have before us a determination by Supreme Court that there is insufficient evidence of essential elements of a partnership between the New York and Washington law firms to subject plaintiffs to nonresident partner income taxes in this State pursuant to Tax Law §§ 632 and 637. While there is little dispute over the evidentiary facts in the record, there is no ruling by defendant as to whether these facts subject plaintiffs to nonresident partner income tax. Thus, there has not been a ruling by an impartial administrative decision-maker. Instead, the administrative agency has maintained the posture of a litigant advancing a particular position. The position urged by defendant should therefore not be afforded the deference of a substantial evidence standard of review which is generally afforded when the proceeding comes before us in the context of an appeal from a ruling by an impartial administrative decision-maker *(see,* CPLR 7803 [4]; *Matter of Weil v Chu,* 120 AD2d 781, 784, *affd* 70 NY2d 783, *appeal dismissed* — US —, 108 S Ct 1069; *Matter of Heller v New York State Tax Commn.,* 116 AD2d 901, 902).

This distinguishes the current case from *Matter of Heller v New York State Tax Commn. (supra).* In *Heller* we had before us a determination by defendant. Such a determination must be upheld if supported by substantial evidence, even if there is evidence to support a contrary conclusion *(supra,* at 902). In addition, some of the evidence relied upon by defendant in *Heller* would be inadmissible in this civil action *(cf., Matter of Heffron v Chu,* 144 AD2d 729 [decided herewith]). The current case is an appeal from a declaratory judgment by Supreme

Court which, after consideration of the evidence before it, found in favor of plaintiffs. Moreover, both parties moved for summary judgment, thereby conceding that no question of fact existed *(Kuehne & Nagel, v Baiden,* 36 NY2d 539, 544). The parties in effect consented to a determination on the papers submitted. Hence, we will determine whether the judgment was warranted by the record and the relevant law *(see, Spitalnik v Springer,* 59 NY2d 112, 116; *Kissinger v State of New York,* 126 AD2d 139, 141).

Defendant contends that the evidence in the record establishes that plaintiffs were partners in the New York law firm. Partnership status turns on various factors including exercising joint control over the business *(M.I.F. Sec. Co. v Stamm & Co.,* 94 AD2d 211, 214, *affd* 60 NY2d 936) and the sharing of profits and losses *(Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317, *appeal dismissed* 358 US 39; *see also,* Partnership Law § 11 [4]; *Scharf v Crosby,* 120 AD2d 971, 972; *Matter of Wells,* 36 AD2d 471, 475, *affd* 29 NY2d 931). Here, the written agreement between the New York and Washington law offices provided that the income of the New York office, minus New York expenses, would be distributed to the New York partners. Similarly, income of the Washington office, minus Washington expenses, went to the Washington partners. The New York partners were to bear losses of the New York office, and the Washington partners were to bear the losses of their office. Upon dissolution of the New York practice, its assets were to be used first to pay its debts, with the remainder distributed to the New York partners. There was a parallel provision for the Washington partners. Although the agreement provided for unanimous approval by both offices for all new partners, the uncontested evidence indicates that this provision was never given effect. The reality, as attested to by several affidavits from those involved in the firms, was that neither office had a voice in the other's management or new partner approval. The offices were listed together in the Martindale-Hubbell Law Directory. Each office, however, had its own separate clients, collected its own fees, paid its own expenses and distributed its own income. Further, plaintiffs paid Maryland or District of Columbia taxes on *all* their income. Under these circumstances, we conclude that Supreme Court's determination was correct and should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.