■ In the Matter of HOWARD A. HEFFRON, Petitioner, v RODERICK G. W. CHU et al., Constituting the State Tax Commission, Respondents.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which partially sustained personal income tax assessments imposed under Tax Law article 22.

Petitioner is an attorney who, during the pertinent period, 1969 to 1971, resided in Bethesda, Maryland, and practiced in the Washington, D.C., office of a New York City law firm. His association with the firm was pursuant to a two-year agreement which provided that he was "admitted to partnership in the FIRM under the terms and conditions set forth in this agreement". By virtue of those terms and conditions, however, petitioner's remuneration was fixed at $50,000 a year, irrespective of the firm's profits or losses, and he had no capital account or share in the firm's assets or management. At the conclusion of the term of the agreement, petitioner left the firm and opened his own law office. He was assessed for State income taxes on the payments he received from the firm during the period of the agreement, as his distributive share of the firm's income received by a nonresident partner. Petitioner brought this CPLR article 78 proceeding challenging the determination by the State Tax Commission upholding the assessment.

Petitioner's essential argument is that the uncontested evidence negated the existence of a partnership between him and the members of the law firm, in that his admittance to the firm was purely to enable him to attract clients and to sign papers for filing in litigation in the Federal courts, as required by Federal rules of procedure, and his arrangement did not include any sharing in the firm's profits or losses. This argument, however, was rejected in *Matter of Heller v New York State Tax Commn.* (116 AD2d 901), a case involving another attorney whose relationship with the Washington, D.C., office of the same law firm was, for all intents and purposes, the same as petitioner's. In *Heller,* this court held that, despite the attorney's lack of any share in partnership assets, profits or losses or management decision-making, the Tax Commission's conclusion that he was included within the partnership

would be upheld if supported by other substantial evidence *(supra,* at 902). Such substantial evidence was found in the proof that the attorney and the law firm reported his compensation on tax returns as partnership income and the failure of the firm to have deducted Social Security and withholding taxes from the payments he received.

In our view, the holding in *Heller* requires confirmation here. Although petitioner did not report his compensation as partnership income on his own Federal income tax returns, the law firm so reported on its State 1969 and 1971 partnership income tax returns, designating petitioner as a nonresident partner "sharing Washington office profits only". Contrary to petitioner's contention, this was evidence which the Tax Commission could consider. Although it was not a binding admission on petitioner's part (since he did not sign or authorize the making of the return), it was probative hearsay evidence of facts relevant to the ultimate issue in dispute, admissible in a hearing before a State administrative body *(see, Matter of Vogt v Tully,* 53 NY2d 580, 589 n 6; *see also,* State Administrative Procedure Act § 306 [1]; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180, n). Additionally, the Tax Commission had before it the above-quoted portion of petitioner's agreement with the law firm, that (as in *Heller)* no deductions were made from petitioner's compensation for Social Security or withholding taxes and that petitioner held himself out as a partner, and was authorized to do so, to clients and the courts. All of the foregoing factors cumulatively constituted substantial evidence to support the Tax Commission's determination *(Matter of Heller v New York State Tax Commn., supra; see, Matter of Weinflash v Tully,* 93 AD2d 369, 373). Accordingly, the determination must be confirmed.

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.