■ ABBAS NAGHAVI, Appellant, v NEW YORK LIFE INSURANCE COMPANY, Respondent. [688 NYS2d 530] —Order, Supreme Court, New York County (Edward Lehner, J.), entered February 17, 1998, which, in an action to recover under a disability insurance policy, granted defendant insurer's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

The uncontroverted affidavit of defendant's underwriter, accompanied by a page from defendant's underwriting manual stating that no disability policy would be issued to any person earning less than $16,000 per year, established, as a matter of law, the materiality of plaintiff's misrepresentation in his application that his earned income for the prior and current years was and would be $100,000 (Insurance Law § 3105 [b], [c]; see, DiGrazia v United States Life Ins. Co., 170 AD2d 246, 247). Although plaintiff contends that when commissions he allegedly earned from business activities abroad are taken into account, he actually did have annual income of $100,000 in the years in question, we deem him to be bound by his contrary representations in the income tax returns he filed for those years, the application for insurance having defined "earned income" in terms of amounts "reportable for personal federal income tax purposes" (see, Meyer v Insurance Co., 1998 US Dist LEXIS 15863, *2, 32-34, [SD NY, Oct. 9, 1998, Peck, J. (97 Civ 4678 [AJP])]; see also, Matter of Heller v New York State Tax Commn., 116 AD2d 901, 902). Although any oral communication by plaintiff to the soliciting insurance agent not reflected in, or inconsistent with, the application would in any event not be binding on defendant, in view of the limitations on the agent's authority stated in the application (see, DiGrazia v United States Life Ins. Co., supra, at 247-248), we further note that plaintiff does not allege that he ever made any statement to the agent clarifying that he considered the portion of his income earned abroad not to be reportable for tax purposes.

Concur—Ellerin, P. J., Rosenberger, Andrias, Saxe and Friedman, JJ.