(April 17, 2007)

■ ACME AMERICAN REPAIRS, INC., Respondent-Appellant, v RHODA URETSKY et al., Appellants-Respondents. [834 NYS2d 542]—

In an action, inter alia, for a judgment declaring that the plaintiff is the tenant of the subject property pursuant to a lease dated January 16, 1984, amended by agreement dated January 3, 1995, the defendants appeal from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated December 19, 2005, as denied that branch of their motion which was for summary judgment, and the plaintiff cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, that branch of the plaintiff's motion which

was for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment, including a declaration that the plaintiff is the tenant of the subject property pursuant to the lease dated January 16, 1984, amended by agreement dated January 3, 1995; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In this action, Acme American Repairs, Inc. (hereinafter the plaintiff), sought, inter alia, a declaration that a 20-year commercial lease executed on January 16, 1984 by the late Nathan Uretsky, leasing the subject premises to the plaintiff, was valid. The defendants claim that the lease dated January 16, 1984 is a forgery, and an alternative document submitted by them which purports to be a lease dated January 31, 1984, was executed by Nathan Uretsky. The lease dated January 16, 1984, provides that its term ends on January 15, 2004, while the lease dated January 31, 1984, states that its term ends on January 31, 1991, and could be extended at the tenant's option for an additional three years—until January 31, 1994.

In support of its contention that the lease dated January 16, 1984 was valid, the plaintiff submitted the hearing testimony of an attorney who prepared the lease, and further testified that the document dated January 31, 1984 was not prepared by him. The attorney pointed out the page of the lease dated January 31, 1984, entitled "Term and Option Period," setting forth the term of the lease, did not have a page number on it. The attorney stated "I'd never prepare anything without a page number." Further, the title "Term and Option Period" did not conform to the title in the index which merely stated "Term."

The parties agree that Nathan Uretsky executed an extension agreement dated January 3, 1995. This agreement states that it extends the term of the "present lease" for "five years from the date of expiration of such current lease" and grants the tenant an option to extend the "current lease" for an additional five years. The language "present lease" and "current lease" would make no sense if its term had expired on January 31, 1994, nearly a year before the extension agreement was executed.

In a letter dated April 15, 2003 the defendants' attorneys stated that the term of the lease "will expire on January 15, 2004," the date of termination set forth in the lease dated January 16, 1984. The alternative lease dated January 31, 1984, which the defendants claim is the actual lease, sets the date of termination as January 31, 1991, which could be extended until January 31, 1994.

Further, the estate tax return for Nathan Uretsky, signed by

the defendant Rhoda Uretsky as executrix, valued the subject property at $550,000 based upon an appraisal which stated that the property was subject to a lease dated January 16, 1984, which was to expire on January 15, 2004, and was extended by agreement dated January 3, 1995, for five years, with an option to the tenant to extend for an additional five years, until January 15, 2014. This constituted an admission which, together with the evidence, established the plaintiff's entitlement to judgment as a matter of law (see *Naghavi v New York Life Ins. Co.,* 260 AD2d 252 [1999]).

Further, as noted by the Supreme Court, the defendant Rhoda Uretsky, in a letter dated November 18, 1998, stated that the tenant has "a lease until the year 2005 with an option for 10 more years." Although the defendants claim that the letter dated November 18, 1998 is a forgery "[s]omething more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature" (*Banco Popular N. Am. v Victory Taxi Mgt.,* 1 NY3d 381, 384 [2004]). Although this letter, standing alone, may not have been sufficient to establish the plaintiff's entitlement to judgment as a matter of law, the totality of the evidence is sufficient.

The Supreme Court denied the plaintiff's motion for summary judgment based upon the court's determination that Nathan Uretsky's signature on the lease dated January 16, 1984 did not match his signature on other documents. The documents in question submitted by the defendants include the stock purchase agreement executed in January 1984 and the extension of the lease signed in 1995. Contrary to the conclusion by the Supreme Court, the handwriting examples submitted by the defendants "are not sufficiently different from the alleged forgery to raise a question of fact" (*Spilky v Bernard H. La Lone, Jr., P.C.,* 227 AD2d 741, 743 [1996]). Additionally, no affidavit from a handwriting expert was submitted (*cf. Daniel Perla Assoc. v Ginsberg,* 256 AD2d 303 [1998]). Accordingly, the plaintiff is entitled to summary judgment.

The parties' remaining contentions are without merit or need not be addressed in light of our determination.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment, including a declaration that the plaintiff is a tenant of the subject property pursuant to the lease dated January 16, 1984, amended by agreement dated January 3, 1995 (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Spolzino, J.P., Goldstein, Fisher and McCarthy, JJ.,

concur. [*See* 10 Misc 3d 1064(A), 2005 NY Slip Op 52115(U) (2005).]