■ OURANIA SOUMAS, Respondent, v CONSOLIDATED EDISON et al., Defendants, and TELEBEAM TELECOMMUNICATIONS CORPORATION et al., Appellants. [836 NYS2d 186]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 23, 2006, which, in an action for personal injuries sustained in a trip and fall caused by loose gravel in a crosswalk, insofar as appealed from, denied defendants-appellants' motions for summary judgment dismissing the complaint and all cross claims as against them, unanimously reversed, on the law, without costs, the motions granted and the complaint and all cross claims dismissed as against appellants. The Court is directed to enter judgment accordingly.

Appellants satisfied their prima facie burden with uncontroverted evidence that the trench work they had performed at the subject intersection in connection with the installation of a payphone kiosk was completed four months before the accident, and plaintiff's deposition testimony that the gravel came from a construction site adjacent to the crosswalk (*see Flores v City of New York*, 29 AD3d 356, 359 [2006]; *Maloney v Consolidated Edison Co. of N.Y.*, 290 AD2d 540 [2002]). Plaintiff's expert's opinion that the gravel condition in the crosswalk was caused by "repetitive progressive chronology of ongoing work" at the crosswalk, including negligent and defective trench restorations and repairs, provides no factual foundation for the ultimate assertions that appellants' trench work was both negligent and a proximate cause of plaintiff's fall (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). Concur—Mazzarelli, J.P., Marlow, Gonzalez, Catterson and Kavanagh, JJ.