■ JONATHAN E. VICK et al., Appellants, v RICHARD ALBERT et al., Respondents, et al., Defendants. JONATHAN E. VICK et al., Respondents, v RICHARD ALBERT et al., Appellants, et al., Defendants. [849 NYS2d 250]—

Partial judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered July 14, 2006, after a nonjury trial, dismissing plaintiffs' cause of action for partition, unanimously affirmed, without costs. Judgment, same court and Justice, entered February 26, 2007, to the extent appealed from as limited by the briefs, awarding plaintiffs the principal sum of $1,198,409 with respect to the decedent's interest in the Albert Greenberg & Vick partnership (AGV) and $171,484 with respect to her interest in the Godwin Realty Associates partnership, unanimously affirmed, without costs.

Defendants' evidence established that the property for which partition was sought was actually owned by AGV and not held by tenancy in common. Even if we consider, arguendo, the presumptions that a holder of title is the owner and that a property disposition to several persons creates a tenancy in common, the former was overcome by the rule that partnership property may be held in the name of a partner, as we noted on the prior appeal (17 AD3d 255 [2005]), and the latter was overcome by defendants' substantial evidence to the contrary. The parties' treatment of the property inter se was more probative of their intent to own it as a partnership than any representations in loan documents or leases. In any event, the presumption in Estates, Powers and Trusts Law § 6-2.2 (a) negates the existence of a joint tenancy, but not ownership by a partnership.

The partnership interests were properly valued without

factoring in tax depreciation, since use of this method would have given defendants a windfall as to the appreciated property.

Nor were plaintiffs bound by the discounted values set forth in the estate tax return they filed. In *Naghavi v New York Life Ins. Co.* (260 AD2d 252 [1999]), where the insurer had disclaimed based on a misrepresentation in its insured's application for insurance, this Court held the insured bound by the earned income declared in his income tax return because his application defined earned income in terms of amounts "reportable for personal federal income tax purposes." Here, in contrast, no document incorporates by reference the value set forth in the estate tax return for the purpose of partnership interest valuation. In *Acme Am. Repairs, Inc. v Uretsky* (39 AD3d 675 [2007], *lv dismissed* 9 NY3d 979 [2007]), the Second Department, relying upon *Naghavi*, held a party bound by the admission in an estate tax return she had signed that contained an appraisal stating that a lease and its extension were in existence. It was reasonable under those circumstances to deem the representation in the estate tax return an admission of the existence of the lease, which was the very issue in that case. However, since the purposes of estate tax valuation and partnership interest valuation differ, there is no basis here for deeming the representation in the estate tax return an admission as to value with regard to the partnership interest.

We agree with Supreme Court's conclusion that minority lack of control and decreased marketability discounts in valuing the decedent's interests in the partnerships are unavailable, albeit not for the reason stated. Discounts are not barred by Partnership Law § 73, which provides that a deceased partner's estate shall receive the value of her interest "as an ordinary creditor"; this addresses not valuation but the method of collecting the value of the deceased partner's interest vis-à-vis creditors of the partnership and of the individual partners (*see Shubert v Lawrence*, 27 AD2d 292, 297 [1967]).

Nor, contrary to plaintiffs' contention, does the buyout of a deceased partner's interest implicate all of the factors that our courts have relied upon in denying discounts in the corporate minority or dissenting shareholder contexts (*see Matter of Penepent Corp.*, 96 NY2d 186, 194 [2001]; *Matter of Friedman v Beway Realty Corp.*, 87 NY2d 161, 167, 169-170 [1995]). A partnership minority discount would not contravene the distinctly corporate statutory proscription (Business Corporation Law § 501 [c]) against treating holders of the same class of stock differently, or undermine the remedial goal of the appraisal statutes to protect shareholders from being forced to sell

at unfair values, or inevitably encourage oppressive majority conduct. Nor would a decreased marketability discount implicate these policy concerns, as it applies equally to all partnership interests, not those of the deceased partner only (*see Matter of Blake v Blake Agency*, 107 AD2d 139, 149 [1985], *lv denied* 65 NY2d 609 [1985]; *see also Matter of Fleischer*, 107 AD2d 97, 101 [1985]; *Hall v King*, 177 Misc 2d 126, 134-135 [1998]).

However, application of the discounts sought by defendants would deprive plaintiffs of the value of the decedent's proportionate interest in a going concern, since they would not receive what they would have received had the entire entity been sold on the open market unaffected by a diminution in value as a result of a forced sale (*see East Park Ltd. Partnership v Larkin*, 167 Md App 599, 619-620, 893 A2d 1219, 1231 [2006], *cert denied* 393 Md 243, 900 A2d 749 [2006]; *Winn v Winn Enters., Ltd. Partnership*, 100 Ark App 134, —, — SW3d —, —, 2007 Ark App LEXIS 693, *10-11 [Ct App 2007]). The unavailability of the discounts is particularly apt here, where the business consists of nothing more than ownership of real estate (*see Cohen v Cohen*, 279 AD2d 599 [2001]; *Matter of Cinque v Largo Enters. of Suffolk County*, 212 AD2d 608 [1995]; *East Park*, 167 Md App at 610, 893 A2d at 1226 [fair value of partnership interest equals amount partners would receive if property sold at arm's length]), and where the valuation ensues from the death of a partner and not as the result of any misconduct of a withdrawing partner in causing dissolution (*cf. Anastos v Sable*, 443 Mass 146, 150-151, 819 NE2d 587, 591 [2004]). In this regard, we note that *Haymes v Haymes* (298 AD2d 117, 119 [2002], *lv denied* 100 NY2d 509 [2003]), in which we applied minority interest and decreased marketability discounts to the valuation of partnership interests in an equitable distribution matter, should not be understood as an imprimatur on such discounts as a matter of law, but only as addressing the trial court's resolution of a conflict in expert testimony, and is therefore limited to its particular facts.

Defendants sufficiently demonstrated entitlement to the minor credits for profits paid between March 1, 1999 and the decedent's death.

Plaintiffs' submissions are dehors the record and therefore have not been considered (*see News Am. Mktg., Inc. v Lepage Bakeries, Inc.*, 16 AD3d 146, 149 [2005]).

We have considered the parties' other contentions in support of their request for affirmative relief and find them unavailing. Concur—Friedman, J.P., Marlow, Nardelli and Catterson, JJ.