■ JOHN M. PETERSON et al., Appellants, et al., Plaintiffs, v MARTIN J. NEVILLE et al., Respondents. [870 NYS2d 348]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 1, 2007, which, insofar as appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint to the extent of dismissing the first and second causes of action seeking an accounting of the partnerships of Neville, Peterson & Williams, and Neville Peterson LLP, unanimously affirmed, with costs.

The causes of action seeking an accounting of the partnerships on the basis that defendants (former partners) withdrew excess profits, were properly dismissed as the tax returns of the respective partnerships state that defendants had positive capital account balances. Plaintiffs are bound by the representations that were made in the partnerships' tax returns (see Acme Am. Repairs, Inc. v Uretsky, 39 AD3d 675, 677 [2007], lv dismissed 9 NY3d 979 [2007]; Naghavi v New York Life Ins. Co., 260 AD2d 252 [1999]).

We have considered plaintiffs' remaining contentions, including that the motion court's application of the doctrine of judicial estoppel in this case violates the Supremacy Clause of the US Constitution, and find them unavailing. Concur—Tom, J.P., Gonzalez, Buckley, Sweeny and Catterson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY STARNES, Appellant. [869 NYS2d 907]—Judgment, Supreme Court, New York County (Renee A. White, J.), rendered August 29, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third and fourth degrees, and unlawful possession of marijuana, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to an aggregate term of six years and a fine of $50, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its evaluation of minor discrepancies in the accounts of the People's witnesses, and its rejection of defendant's account of how he came into possession of a bag containing a supply of drugs. Concur—Tom, J.P., Gonzalez, Buckley, Sweeny and Catterson, JJ.