■ RAFAEL MEJIAS, Respondent, v MASTIC ASSOCIATES OF NEW YORK, LLC, et al., Defendants, and QUALITY BUILDING CONTRACTOR, INC., Appellant. [920 NYS2d 357]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about September 13, 2010, which, in this action for personal injuries sustained when portions of a fence allegedly struck plaintiff in the head, denied the motion of defendant-appellant Quality Building Construction, LLC, sued herein as Quality Building Contractor, Inc., for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

We decline to consider those papers in the record on appeal that were not submitted to the motion court (*see Vick v Albert*, 47 AD3d 482, 484 [2008], *lv denied* 10 NY3d 707 [2008]). In any event, the motion should have been granted. Quality met its prima facie burden by tendering uncontroverted evidence that the work it performed at the accident site was completed three years before the accident, and that its sister company performed work at the site six months after the accident (*see Soumas v Consolidated Edison*, 40 AD3d 478, 479 [2007]). In addition,

Quality submitted uncontroverted evidence that it was not responsible for erecting or maintaining the fence. In opposition, plaintiff failed to submit any evidence that Quality's work was negligent and a proximate cause of his injury (*id.*). The general contractor's affidavit did not assert that Quality was present at the site at or near the time of plaintiff's accident. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.