■ STEVE M. SAFA, Respondent, v BAY RIDGE AUTO, Appellant, et al., Defendants. [924 NYS2d 535]—

In an action to recover damages for personal injuries, the defendant Bay Ridge Auto appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated May 21, 2010, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of Bay Ridge Auto for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff alleges that on May 24, 2007, while standing inside a garage leased by the defendant Bay Ridge Auto, he was struck from behind by a vehicle operated by the defendant Pascual Sanchez. When the accident occurred, Sanchez, who had already paid Bay Ridge Auto for the service performed on his vehicle, had been attempting to drive out of the garage. As Segundo Zambrano, one of Bay Ridge Auto's owners, testified at his deposition, it was the policy of Bay Ridge Auto that customers like Sanchez and the plaintiff were not allowed to drive their own vehicles out of the garage, but instead, he would do so. Unbeknownst to Zambrano, Sanchez had entered his vehicle and started to leave the garage when the accident occurred.

The plaintiff commenced this action against, among others, Bay Ridge Auto, to recover damages for its negligence. After the plaintiff filed the note of issue, Bay Ridge Auto moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it did not owe a duty of care to the plaintiff and, in any event, Sanchez's actions were the sole proximate cause of the accident. The Supreme Court denied the motion, concluding that Bay Ridge Auto owed the plaintiff a duty of care, which included "a duty to protect against the acts of third parties," and that Bay Ridge Auto had "actually taken control" of Sanchez's vehicle and, thus, a triable issue of fact existed as to whether Bay Ridge Auto was negligent and whether the accident was foreseeable.

Before a defendant may be held liable for negligence, it must be shown that the defendant owes a duty to the plaintiff (*see Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 342 [1928]; *De Angelis v Lutheran Med. Ctr.*, 58 NY2d 1053 [1983]). "Absent a duty

running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm" (*532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 289 [2001]; *see Lauer v City of New York*, 95 NY2d 95, 100 [2000]). "Foreseeability, alone, does not define duty—it merely determines the scope of the duty once it is determined to exist" (*Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 232 [2001]). Moreover, although " 'one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all' " (*Home Mut. Ins. Co. v Broadway Bank & Trust Co.*, 53 NY2d 568, 575-576 [1981], quoting *Glanzer v Shepard*, 233 NY 236, 239 [1922]), " '[a] defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others, even where as a practical matter [the] defendant can exercise such control' " (*Hamilton v Beretta U.S.A. Corp.*, 96 NY2d at 233, quoting *D'Amico v Christie*, 71 NY2d 76, 88 [1987]; *see Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8 [1988]; *Edwards v Mercy Home for Children & Adults*, 303 AD2d 543, 544 [2003]).

Here, Bay Ridge Auto established, prima facie, that it did not owe the plaintiff a duty of care to protect him from the acts of customers operating their vehicles within the garage (*see Stone v Williams*, 97 AD2d 509, 509-510 [1983], *affd* 64 NY2d 639 [1984]; *see also Hamilton v Beretta U.S.A. Corp.*, 96 NY2d at 233; *Purdy v Public Adm'r of County of Westchester*, 72 NY2d at 8-9; *Pulka v Edelman*, 40 NY2d 781, 784-785 [1976]). Moreover, even if a duty of care could have arisen from Bay Ridge Auto's policy of driving its customers' vehicles out of the garage, the plaintiff failed to raise a triable issue of fact as to whether he had relied on that policy. "[T]here is no basis for the proposition that a party may be liable for failing to follow a policy which it has adopted voluntarily, and without legal obligation, especially when there is no showing of detrimental reliance by the plaintiff on the defendant following that policy" (*Boehme v A.P.P.L.E., A Program Planned for Life Enrichment*, 298 AD2d 540, 541 [2002]; *see Heard v City of New York*, 82 NY2d 66, 71-72 [1993]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted Bay Ridge Auto's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.