In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), entered January 17, 2012, as granted that branch of the motion of the defendant Jackson Hole Diner which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiffs allege that on October 26, 2009, the plaintiff Gary Kallem (hereinafter the injured plaintiff) was walking on a sidewalk adjacent to property owned by the defendant Jackson Hole Diner when he was struck by a vehicle operated by the defendant Thomas Mandracchia. When the accident occurred, Mandracchia was driving out of the parking lot of the diner, using its driveway and traveling over a portion of the sidewalk where the injured plaintiff was struck.
The injured plaintiff, and his wife suing derivatively, commenced this action against Jackson Hole Diner and Mandracchia to recover damages for their alleged negligence. Jackson Hole Diner moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among *894 other things, that it did not owe a duty of care to the injured plaintiff. The Supreme Court granted the motion.
Before a defendant may be held liable for negligence, it must be shown that the defendant owes a duty to the plaintiff (see Palsgraf v Long Is. R.R. Co., 248 NY 339, 342 [1928]; Safa v Bay Ridge Auto, 84 AD3d 1344 [2011]). “Absent a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm” (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 289 [2001]; see Safa v Bay Ridge Auto, 84 AD3d 1344 [2011]). Foreseeability, alone, does not define duty — it merely determines the scope of the duty once it is determined to exist (see Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232 [2001]; Safa v Bay Ridge Auto, 84 AD3d at 1344). A defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others, even where, as a practical matter, the defendant can exercise such control (see Hamilton v Beretta U.S.A. Corp., 96 NY2d at 233; Safa v Bay Ridge Auto, 84 AD3d at 1344).
Jackson Hole Diner established, prima facie, that it did not owe the injured plaintiff a duty of care to protect him from the conduct of Mandracchia in driving his vehicle out of its parking lot (see Pulka v Edelman, 40 NY2d 781, 784-785 [1976]; Safa v Bay Ridge Auto, 84 AD3d 1344 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs’ remaining contentions are without merit.
Accordingly, the Supreme Court correctly granted that branch of the motion of Jackson Hole Diner which was for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Balkin, Leventhal and Lott, JJ., concur.