■ ZHILI WANG, Appellant, v BARR & BARR, INC., Defendant, and YORK SCAFFOLD EQUIPMENT CORP., Respondent. [4 NYS3d 915]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated December 10, 2013, as granted that branch of the motion of the defendant York Scaffold Equipment Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is employed as a registered nurse at Maimonides Hospital in Brooklyn. The plaintiff alleged that, on August 8, 2007, at approximately 6:30 a.m., she was struck in the head by a wooden door that was part of a six-foot-high wooden fence at a construction site at that hospital. The plaintiff thereafter commenced the instant action against, among others, the defendant York Scaffold Equipment Corp. (hereinafter York), a scaffolding subcontractor for the construction job, alleging negligence.

To prove a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty that the defendant owed to the plaintiff, a breach of that duty, and that the breach of such duty was a proximate cause of his or her injuries (*see Pulka v Edelman*, 40 NY2d 781 [1976]; *Fox v Marshall*, 88 AD3d 131 [2011]; *Engelhart v County of Orange*, 16 AD3d 369 [2005]; *Gordon v Muchnick*, 180 AD2d 715 [1992]). Absent a duty of care, there is no breach and no liability (*see Pulka v Edelman*, 40 NY2d at 781; *Kallem v Mandracchia*, 111 AD3d 893 [2013]; *Fox v Marshall*, 88 AD3d at 131; *Engelhart v County of Orange*, 16 AD3d at 369; *Gordon v Muchnick*, 180 AD2d at 715).

In support of its motion for summary judgment, York demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidentiary proof that neither its equipment nor its employees were involved in the subject accident, and, thus, that it owed no duty of care to the plaintiff (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Mejias v Mastic Assoc. of N.Y., LLC*, 83 AD3d 476 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of York's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.