Davison v State of New York (2020 NY Slip Op 01323)





Davison v State of New York


2020 NY Slip Op 01323


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-01963

[*1]Edward Davison, appellant, 
v
State of New York, respondent. (Claim No. 107884)


William M. Brooks, Central Islip, NY, for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu, Eric Del Pozo, and Mark Grube of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for medical malpractice, negligence, and false imprisonment, the claimant appeals from a judgment of the Court of Claims (David A. Weinstein, J.), dated December 14, 2016. The judgment, insofar as appealed from, upon a decision of the same court dated October 5, 2016, made after a trial, is in favor of the defendant and against the claimant dismissing the claim.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In 1983, the claimant was indicted on multiple counts of burglary and one count of sodomy of a child. The claimant pleaded guilty to three counts of burglary in the third degree in full satisfaction of the indictments and sentenced to an indeterminate term of imprisonment of 8 to 16 years. The claimant spent 13 years in prison, during which time he was admitted to psychiatric hospitals on several occasions and set his bedding on fire in his prison cell on one occasion.
Upon his release from prison in December 1996, the State of New York Office of Mental Health (hereinafter OMH) retained the claimant in one of its facilities for psychiatric treatment, and he was released from an OMH facility in April 2002. The claimant commenced this claim to recover damages for medical malpractice, negligence, and false imprisonment, alleging that his treatment plan was based upon OMH's mistaken belief that he had pleaded guilty to sodomy, which he had not. The claimant alleged that based upon this erroneous belief, he was denied privileges during his confinement that would have allowed him to reintegrate into society sooner and, instead, his lack of privileges caused him to develop or exacerbated his anxiety, thereby delaying his release. After a trial, the Court of Claims found that the claimant failed to prove the causes of action by a preponderance of the evidence and dismissed the claim. The claimant appeals.
The claimant argues that OMH violated a duty of care, under either a theory of medical malpractice or general negligence, by failing to accurately determine whether he had pleaded guilty to sodomy. "In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries" (Meade v Yland, 140 AD3d 931, 932 [internal quotation marks omitted]). "Although physicians owe a general duty of care to their [*2]patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (id. at 933 [internal quotation marks omitted]). Here, medical judgments were made as to when to increase the claimant's privileges, and any error in those judgments does not give rise to liability for medical malpractice (see Huntley v State of New York, 62 NY2d 134, 137). Furthermore, since commitment pursuant to Mental Hygiene Law article 9 is privileged in the absence of medical malpractice (see Capellupo v Nassau Health Care Corp., 97 AD3d 619, 622), the claimant is not entitled to recover damages for false imprisonment (see generally Rivera v County of Nassau, 83 AD3d 1032). 
"To prove a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty that the defendant owed to the plaintiff, a breach of that duty, and that the breach of such duty was a proximate cause of his or her injuries" (Wang v Barr & Barr, Inc., 127 AD3d 964, 965). Here, the claimant failed to establish that negligence on the part of OMH proximately caused him to be retained longer than necessary in its psychiatric facility.
The claimant's contention regarding the State's counterclaim seeking the assessment of full charges against him, which counterclaim was dismissed in the judgment appealed from, is not properly before this Court.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court