Davydov v Youssefi (2022 NY Slip Op 03227)





Davydov v Youssefi


2022 NY Slip Op 03227


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2019-08674
 (Index No. 609114/17)

[*1]Albert Davydov, appellant,
v
Albert Youssefi, respondent.


Chris Rykaczewski, Rego Park, NY, for appellant.
Diana Rubin, Manhassett, NY, for respondent.



DECISION & ORDER
In an action to recover damages for defamation, intentional infliction of emotional distress, and conversion, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), dated June 13, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 3211(a)(7) to dismiss the second and third counterclaims.
ORDERED that order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were pursuant to CPLR 3211(a)(7) to dismiss the second and third counterclaims are granted.
The plaintiff, a dentist, leased office space from the defendant. In or around May 2017, the relationship between the parties deteriorated and the plaintiff vacated the premises. In September 2017, the plaintiff commenced this action against the defendant asserting causes of action alleging defamation, intentional infliction of emotional distress, and conversion. The defendant interposed a verified answer with counterclaims alleging, in effect, fraud, breach of contract based on the failure to pay rent, and negligence. The plaintiff moved pursuant to CPLR 3211(a)(7) to dismiss the counterclaims, and the defendant opposed the motion. In an order dated June 13, 2019, the Supreme Court granted that branch of the plaintiff's motion which was to dismiss the first counterclaim, alleging fraud, and denied those branches of the motion which were to dismiss the second counterclaim, in effect, alleging breach of contract, and the third counterclaim, in effect, alleging negligence. The plaintiff appeals.
"On a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), the court 'must accept as true the facts as alleged in the [pleading] and submissions in opposition to the motion, accord [the pleading party] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory'" (Maspeth Fed. Sav. & Loan Assn. v Elizer, 197 AD3d 1253, 1254, quoting Whitebox Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63). However, "'allegations consisting of bare legal conclusions . . . are not entitled to any such consideration'" (Shah v Mitra, 171 AD3d 971, 973, quoting Simkin v Blank, 19 NY3d 46, 52). Furthermore, dismissal of a counterclaim is warranted if the counterclaimant fails to assert facts in support of an element of the counterclaim (see Shah v Mitra, 171 AD3d at 973; see generally Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
"'The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach'" (East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 199 AD3d 881, 886, quoting WMC Realty Corp. v City of Yonkers, 193 AD3d 1018, 1021-1022). Here, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(7) to dismiss the second counterclaim, in effect, alleging breach of contract, as the defendant failed to allege that the parties entered into an agreement to pay rent, or to otherwise set forth any of the terms of the agreement, aside from the purported amount of rent owed each month (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182; Theaprin Pharm., Inc. v Conway, 137 AD3d 1254, 1255). Vague allegations suggesting that there may have been an agreement do not suffice (see Reznick v Bluegreen Resorts Mgt., Inc., 154 AD3d 891, 893).
To prove a prima facie case of negligence, a party must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was a proximate cause of his or her injuries (see Davison v State of New York, 180 AD3d 995, 996; Fox v Marshall, 88 AD3d 131, 135). "Absent a duty of care, there is no breach, and without breach there can be no liability" (Fox v Marshall, 88 AD3d at 135; see Davison v State of New York, 180 AD3d at 996). Here, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(7) to dismiss the third counterclaim, in effect, alleging negligence, as the defendant failed to allege facts that would give rise to a duty owed by the plaintiff to the defendant (see Kollatz v KOS Bldg. Group, LLC, 188 AD3d 1175, 1179).
In light of our determination, we need not reach the plaintiff's remaining contentions.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court