■ MICHAEL FEENEY, Appellant, v MANHATTAN SPORTS CLUB, INC., Doing Business as VERTICAL CLUB, et al., Respondents. [642 NYS2d 674] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered March 22, 1995, dismissing the

complaint and bringing up for review an order of the same court and Justice entered February 28, 1995, which, *inter alia*, granted defendants' motion for summary judgment, unanimously affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In an action for damages arising out of a shoulder injury sustained by plaintiff while engaging in weightlifting exercises at the fitness center owned and operated by defendants, the IAS Court properly dismissed the complaint upon defendants' motion for summary judgment. Although defendants may have been aware of the fact that plaintiff had, on a number of prior occasions, dislocated his left shoulder and had undergone reconstructive surgery to remedy it, plaintiff, in inquiring of his assigned personal trainer, who was employed by defendant club, whether the use of free weights would cause re-injury to his shoulder, could not justifiably rely upon the assurance given that plaintiff "would have no problem". Plaintiff was fully aware of his condition and, upon signing the membership agreement with the club, had expressly acknowledged that defendant and its employees were not qualified to diagnose, examine or treat any medical condition, or make any other such evaluation or recommendation. In addition, the agreement contained an admonishment that plaintiff see a doctor prior to using the facilities. Thus, plaintiff "was not a person wholly without knowledge seeking assurances from one with exclusive knowledge" (*Heard v City of New York*, 82 NY2d 66, 75), and, by his voluntary participation in the class, consented to the activity allegedly resulting in his injury, the risk of which was a foreseeable consequence of his participation (*see, Turcotte v Fell*, 68 NY2d 432, 439, citing *Maddox v City of New York*, 66 NY2d 270, 277-278). There is no evidence that defendants breached a duty of care owed to plaintiff. We have considered plaintiff's other claims and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross and Williams, JJ.