■ DOMINIC BONOMONTE, Appellant, v CITY OF NEW YORK, Respondent. [914 NYS2d 19]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered April 3, 2009, which granted defendant's motion for summary judgment dismissing the complaint, affirmed, without costs.

Plaintiff, a New York City sanitation employee who was already on sick leave due to surgeries to his right arm, brought this action for the exacerbation of his injuries as a result of slipping and falling outside his home on his way to a mandated doctor's appointment at the Sanitation Department's clinic. Dismissal of the complaint was warranted, since there was no

duty flowing from defendant to plaintiff (see generally Matter of New York City Asbestos Litig., 5 NY3d 486, 493-494 [2005]). Contrary to plaintiff's contention, a duty was not created by the fact that defendant's clinical supervisor had ordered plaintiff to travel to the clinic or face possible termination or suspension of employment and medical benefits (see D'Amico v Christie, 71 NY2d 76, 88 [1987]; Lundberg v State of New York, 25 NY2d 467, 471 [1969]).

Although plaintiff contends that his fall was a foreseeable consequence of defendant's negligence in ordering him to the clinic at a time when defendant should have been aware that plaintiff had been directed by his physician not to travel, foreseeability "merely determines the scope of the duty once it is determined to exist" (Matter of New York City Asbestos Litig., 5 NY3d at 493 [internal quotation marks and citations omitted]). Since there was no duty owing to plaintiff, he does not have a viable negligence claim against defendant. Furthermore, the evidence fails to establish proximate cause, since the directive that plaintiff report to defendant's clinic merely furnished the occasion for the accident (see Escalet v New York City Hous. Auth., 56 AD3d 257 [2008]). Concur—Friedman, J.P., Nardelli, Moskowitz and Freedman, JJ.

Manzanet-Daniels, J., dissents in a memorandum as follows: I would reverse the order appealed from and reinstate the complaint. It cannot be said, as a matter of law, that defendant employer owed plaintiff employee no duty. An employer owes a duty to provide a safe workplace (see Matter of New York City Asbestos Litig., 5 NY3d 486, 494 [2005]). This duty exists when an employee is acting within the course and scope of employment. At the time he was injured, plaintiff was traveling to a mandated doctor's appointment at the direct behest of his employer, under compulsion to do so lest he risk suspension from the job and suspension of all medical benefits. Instead of a field visit, as per a medical form in his chart, plaintiff was ordered to report to defendant's clinic by one of the supervisors for the sick leave unit. Despite plaintiff's protests that he was under physician's orders not to travel—indeed, plaintiff supplied a physician's letter and persuaded the union to intervene in the dispute, obtaining a three-day postponement of the appointment—he was nonetheless ordered to go to the clinic on December 27th. It is not disputed that plaintiff would not have traveled to the clinic had he not been directly ordered to do so. Plaintiff was told in no uncertain terms that if he failed to go to the appointment, his medical benefits would be cut off and he would face suspension. As has been aptly summarized: "if the

employee would not have undertaken the journey had the business purpose been canceled, the employee was acting within the scope of employment" (*Pitt v Matola*, 890 F Supp 89, 93 [ND NY 1995] [internal quotation marks omitted]). Plaintiff was on his way to a mandated clinic appointment, in furtherance of his work obligations, at the time he slipped and fell, exacerbating his injuries. His employer owed him a duty which, under the circumstances, was arguably breached. I would therefore reverse and allow the case to proceed.