■ GARY MALPELI, Respondent, v ANNABELLE YENNA, as Executrix of BARTHOLOMEW J. YENNA, Deceased, Defendant, and BARTHOLOMEW C. YENNA, Appellant. [915 NYS2d 628]—

In an action to recover damages for personal injuries, the defendant Bartholomew C. Yenna appeals from an order of the Supreme Court, Nassau County (Martin, J.), entered November 30, 2009, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Bartholomew C. Yenna for summary judgment dismissing the complaint insofar as asserted against him is granted.

The plaintiff, Gary Malpeli, along with Bartholomew J. Yenna (hereinafter the decedent), and the defendant Bartholomew C. Yenna (hereinafter Yenna) were returning by car to Long Island from Iowa. The decedent owned the car. Although the three men knew that the trip would take about 20 hours, they elected to drive continuously, and through the night, without stopping to sleep. At approximately 3:30 A.M., the decedent drove off the road, allegedly after he fell asleep, and the car collided with a tree. The plaintiff, who allegedly was injured in the accident, commenced an action to recover damages for personal injuries against both the representative of the estate of the decedent and Yenna, who was the front-seat passenger at the time of the accident. The plaintiff alleged that he, the decedent, and Yenna had agreed that the front seat passenger would watch over the driver and monitor his alertness, and that Yenna, who was sitting in the front seat at the time of the accident, had thereby voluntarily assumed a duty to the plaintiff to assure that the decedent remained alert and awake or else to assure that he pulled off the road. Yenna moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the motion.

"[A]n 'assumed duty,' or a 'duty to go forward', may arise once a person undertakes a certain course of conduct upon which another relies" (*Heard v City of New York*, 82 NY2d 66, 72 [1993], quoting *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 522 [1980]). "In determining whether a cause of action lies in such instances, '[t]he query always is whether the putative wrongdoer has advanced to such a point as to have launched a force or instrument of harm,' " or, rather, whether he or she has merely " 'stopped where inaction is at most a refusal to

become an instrument of good' " (*Heard v City of New York*, 82 NY2d at 72, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *Nallan v Hemsley-Spear, Inc.*, 50 NY2d at 522). "Put differently, the question is whether defendant's conduct placed plaintiff in a more vulnerable position than plaintiff would have been in had defendant done nothing" (*Heard v City of New York*, 82 NY2d at 72; *see Nallan v Helmsley-Spear, Inc.*, 50 NY2d at 522). Here, the plaintiff chose to participate in a nonstop 20-hour driving trip. Under the circumstances, Yenna's conduct did not place the plaintiff in a more vulnerable position than that which he otherwise would have been in by participating in such an activity (*see Heard v City of New York*, 82 NY2d at 72; *cf. Gordon v Muchnick*, 180 AD2d 715 [1992]). More specifically, even assuming that Yenna agreed to monitor the driver, this conduct "neither enhanced the risk [that the plaintiff] faced" from the activity in which he chose to participate, nor did it "create[ ] a new risk" (*Heard v City of New York*, 82 NY2d at 73). Further, the plaintiff did not advance any viable theory as to how Yenna "induced him to forgo some opportunity to avoid risk," by, for example, contending that the alleged agreement induced him to take the trip in the first instance (*id.* at 73). In this regard, "[s]imply stated, [Yenna's] actions created no justifiable reliance" (*id.* at 73). Accordingly, the Supreme Court should have granted Yenna's motion for summary judgment dismissing the complaint insofar as asserted against him. Skelos, J.P., Eng, Hall and Lott, JJ., concur.