*657 On November 20, 2007, the plaintiff Maya Konsky (hereinafter the injured plaintiff), a customer of the defendant Escada Hair Salon, Inc. (hereinafter Escada), allegedly was injured when she fell from a 71/2-inch-high platform in the salon as she attempted to hang her coat on a coat rack located adjacent to the edge of the platform. At her deposition, the injured plaintiff testified that she did not see the end of the platform. The owner of the salon, the second third-party defendant, Yuksel Ozuyman, leased the premises from the third-party defendant/second third-party plaintiff, Brighton Realty Co. (hereinafter Brighton Realty). The injured plaintiff, and her husband suing derivatively, commenced this action against Escada to recover damages for, inter alia, personal injuries, alleging that Escada was negligent in situating a coat rack adjacent to a platform. Escada commenced a third-party action against Brighton Realty, asserting causes of action for common-law indemnification and contribution, and to recover damages for breach of contract and negligence in the performance of repairs, maintenance, operation, and supervision of the premises. Brighton Realty then commenced a second third-party action against Ozuyman, asserting causes of action for common-law contribution, contractual indemnification, common-law indemnification, and to recover damages for breach of a contract to procure insurance and failure to provide a defense.
The Supreme Court should have granted that branch of Brighton Realty’s motion which was for summary judgment dismissing the cause of action for common-law indemnification in the third-party complaint. “[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is ‘a separate duty owed the indemnitee by the indemnitor’ ” (Raquet v Braun, 90 NY2d 177, 183 [1997], quoting Mas v Two Bridges Assoc., 75 NY2d 680, 690 [1990]; see Lovino, Inc. v Lavallee Law Offs., 96 AD3d 909, 909-910 [2012]). The duty that forms the basis for the liability arises from the principle that “every one is responsible for the consequences of his own negligence, and if another person has been compelled ... to pay the damages which ought to have been paid by the wrongdoer, they may *658 be recovered from him” (Oceanic Steam Nav. Co. [Ltd.] v Compania Transatlantica Espanola, 134 NY 461, 468 [1892]; see McDermott v City of New York, 50 NY2d 211, 216-217 [1980]). “ ‘Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine’ ” (Henderson v Waldbaums, 149 AD2d 461, 462 [1989], quoting Trustees of Columbia Univ. v Mitchell/Giurgola Assoc., 109 AD2d 449, 453 [1985]).
Here, Brighton Realty established its prima facie entitlement to judgment as a matter of law dismissing the cause of action for common-law indemnification in the third-party complaint by showing that Escada’s liability to the plaintiffs, if any, would be based on its actual wrongdoing in failing to properly maintain the demised premises, not on its vicarious liability for Brighton Realty’s conduct (see Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 568-569 [1987]; Reimold v Walden Terrace, Inc., 85 AD3d 1144, 1146-1147 [2011]; Ruiz v Griffin, 50 AD3d 1007, 1009-1010 [2008]; Corley v Country Squire Apts., Inc., 32 AD3d 978, 978 [2006]; Consolidated Rail Corp. v Hunts Point Term. Produce Coop. Assn., Inc., 11 AD3d 341, 342 [2004]). In opposition, Escada failed to raise a triable issue of fact.
However, Brighton Realty failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action for common-law contribution in the third-party complaint. The evidence submitted in support of its motion did not eliminate triable issues of fact as to whether the platform from which the injured plaintiff fell was a defective condition and whether repair of the platform was a structural repair for which Brighton Realty was responsible under the lease (see Repetto v Alblan Realty Corp., 97 AD3d 735, 737 [2012]; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18 [2011]; see also Raquet v Braun, 90 NY2d at 183; Sommer v Federal Signal Corp., 79 NY2d 540, 559 [1992]; Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d at 568 n 5; Garrett v Holiday Inns, 58 NY2d 253, 261 [1983]). Since Brighton Realty failed to satisfy its prima facie burden as the movant, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the cause of action for common-law contribution in the third-party complaint, regardless of the sufficiency of Escada’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
A party’s right to contractual indemnification depends upon the specific language of the relevant contract (see Sawicki v *659 GameStop Corp., 106 AD3d 979, 981 [2013]; Alfaro v 65 W. 13th Acquisition, LLC, 74 AD3d 1255 [2010]; Sherry v Wal-Mart Stores E., L.P., 67 AD3d 992, 994 [2009]). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [1989]). “[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor” (Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662 [2009]). The Supreme Court properly denied that branch of Brighton Realty’s motion which was for summary judgment on its third-party counterclaim against Escada, and second third-party cause of action against Ozuyman, for contractual indemnification, as there are triable issues of fact as to whose negligence, if anyone’s, caused the injured plaintiff’s accident. Under these circumstances, it would be premature to award Brighton Realty summary judgment (see George v Marshalls of MA, Inc., 61 AD3d 925, 930 [2009]; Alexander v New York City Tr., 34 AD3d 312, 314 [2006]; Barnes v DeFoe/Halmar, 271 AD2d 387, 388 [2000]).
Brighton Realty’s remaining contention is without merit. Skelos, J.E, Balkin, Leventhal and Sgroi, JJ., concur.