■ FREDERICK REHBERGER, Plaintiff, v GARGUILO & OR-
ZECHOWSKI, LLP, Defendant/Third Third-Party Plaintiff-
Respondent-Appellant, and JERRY GARGUILO, Defendant/Second
Third-Party Plaintiff-Respondent-Appellant, et al., Defendant.
DOLLINGER, GONSKI & GROSSMAN, ESQS., et al., Second Third-
Party Defendants/Third Third-Party Defendants-Appellants-
Respondents. (And Another Third-Party Action.) [987 NYS2d
193]—

In an action to recover damages for legal malpractice, the
second third-party defendants/third third-party defendants ap-
peal from so much of an order of the Supreme Court, West-
chester County (Adler, J.), entered January 9, 2013, as denied
those branches of their motion which were for summary judg-
ment dismissing the second and third third-party causes of ac-
tion for contribution, the defendant/third third-party plaintiff
cross-appeals from so much of the same order as granted that
branch of that motion which was for summary judgment
dismissing the third third-party cause of action for common-law
indemnification, and the defendant/second third-party plaintiff
separately cross-appeals from stated portions of the same order.

Ordered that the cross appeal by the defendant/second third-
party plaintiff is dismissed as abandoned, without costs or
disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from
and insofar as cross-appealed from by the defendant/third third-
party plaintiff, without costs or disbursements.

The plaintiff commenced this action to recover damages aris-
ing from legal malpractice allegedly committed by, among oth-
ers, Garguilo & Orzechowski, LLP, and Jerry Garguilo (herein-
after together the Garguilo defendants), while representing him
in a declaratory judgment action to enforce the buy-out provi-
sion of a stock agreement. The plaintiff alleged, inter alia, that
the Garguilo defendants failed to serve a notice required by the
stock agreement upon the individual shareholders, which
resulted in a judgment dismissing them from the action.

The Garguilo defendants separately commenced third-party
actions against, among others, Dollinger, Gonski & Grossman,
Esqs., and Matthew Dollinger (hereinafter together the
Dollinger third-party defendants), who succeeded the Garguilo
defendants as the plaintiff's counsel in the underlying action. In
the second third-party complaint, Jerry Garguilo asserted a
cause of action against the Dollinger third-party defendants for

contribution. In the third third-party complaint, Garguilo & Orzechowski, LLP, asserted causes of action against the Dollinger third-party defendants for contribution and common-law indemnification. These causes of action were premised upon, inter alia, allegations that if the plaintiff were able to establish that the Garguilo defendants committed malpractice, then the Dollinger third-party defendants were culpable for essentially the same conduct because they too failed to serve notice on the individual shareholders and to take action against them to enforce the buy-out provision of the stock agreement. The Supreme Court denied those branches of the Dollinger third-party defendants' motion which were for summary judgment dismissing the second and third third-party causes of action for contribution, but granted that branch of the Dollinger third-party defendants' motion which was for summary judgment dismissing the third third-party cause of action for common-law indemnification.

"In determining whether a valid third-party claim for contribution exists, the critical issue is whether the third-party defendant owed a duty to the plaintiff which was breached and which contributed to or aggravated plaintiff's damages" (*Rosner v Paley*, 65 NY2d 736, 738 [1985]; *see Raquet v Braun*, 90 NY2d 177, 183 [1997]). "[T]he remedy may be invoked against concurrent, successive, independent, alternative and even intentional tortfeasors" (*Raquet v Braun*, 90 NY2d at 183). A defendant attorney may seek contribution from a subsequently retained attorney, to the extent that the subsequently retained attorney's negligence may have contributed to or aggravated the plaintiff's injuries (*see Schauer v Joyce*, 54 NY2d 1, 3-6 [1981]; *Soussis v Lazer, Aptheker, Rosella & Yedid, P.C.*, 66 AD3d 993, 995 [2009]; *cf. Northrop v Thorsen*, 46 AD3d 780, 783 [2007]).

Here, the Dollinger third-party defendants failed to establish, prima facie, that they did not breach a duty owed to the plaintiff that contributed to or aggravated his alleged damages. The Dollinger third-party defendants' remaining contentions are without merit. Accordingly, the Supreme Court properly denied those branches of the Dollinger third-party defendants' motion which were for summary judgment dismissing the second and third third-party causes of action for contribution, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Moreover, the Supreme Court properly granted that branch of the Dollinger third-party defendants' motion which was for summary judgment dismissing the third third-party cause of action for common-law indemnification. "[T]he key element of a

common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor' " (*Raquet v Braun*, 90 NY2d at 183, quoting *Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]; *see Konsky v Escada Hair Salon, Inc.*, 113 AD3d 656 [2014]). " 'Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine' " (*Henderson v Waldbaums*, 149 AD2d 461, 462 [1989], quoting *Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.*, 109 AD2d 449, 453 [1985]; *see Konsky v Escada Hair Salon, Inc.*, 113 AD3d 656 [2014]). Here, the Dollinger third-party defendants established their prima facie entitlement to judgment as a matter of law by showing that the liability of Garguilo & Orzechowski, LLP, to the plaintiff, if any, would be based on the actual wrongdoing of Garguilo & Orzechowski, LLP, and not on its vicarious liability for the conduct of the Dollinger third-party defendants (*see Konsky v Escada Hair Salon, Inc.*, 113 AD3d 656 [2014]; *Lovino, Inc. v Lavallee Law Offs.*, 96 AD3d 909, 910 [2012]; *Jakobleff v Cerrato, Sweeney & Cohn*, 97 AD2d 786, 786-787 [1983]). In opposition, Garguilo & Orzechowski, LLP, failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the Dollinger third-party defendants' motion which was for summary judgment dismissing the third third-party cause of action for common-law indemnification. Skelos, J.P., Chambers, Hall and Maltese, JJ., concur.