■ IVAN MUEVECELA, Plaintiff, v 117 KENT AVENUE, LLC, et al., Defendants/Second Third-Party Plaintiffs/Fifth Third-Party Defendants-Respondents, et al., Defendant. CHS CONTRACTING, LLC, Third-Party Defendant/Second Third-Party Defendant/ Fourth Third-Party Defendant-Appellant. [11 NYS3d 224]—

In an action to recover damages for personal injuries, the third-party defendant/second third-party defendant/fourth third-party defendant CHS Contracting, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated October 29, 2013, as denied that branch of its motion which was for summary judgment dismissing the third-party causes of action of the defendants/second third-party plaintiffs/fifth third-party defendants 117 Kent Avenue, LLC, and 66-68 Washington Avenue, LLC, and granted that branch of the motion of the defendants/second third-party plaintiffs/fifth third-party defendants 117 Kent Avenue, LLC, and 66-68 Washington Avenue, LLC, which was for summary judgment on their third-party cause of action seeking contractual indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants/second third-party plaintiffs/fifth third-party defendants 117 Kent Avenue, LLC, and 66-68 Washington Avenue, LLC, which was for summary judgment on their third-party cause of action for contractual indemnification, and substituting therefor a provision denying that branch of the

motion; as so modified, the order is affirmed, with costs to the third-party defendant/second third-party defendant/fourth third-party defendant CHS Contracting, LLC.

" 'A party's right to contractual indemnification depends upon the specific language of the relevant contract' " (*Torres v 63 Perry Realty, LLC*, 123 AD3d 911, 913 [2014], quoting *Konsky v Escada Hair Salon, Inc.*, 113 AD3d 656, 658 [2014]). The promise to indemnify should not be found unless it can be clearly implied from the language and the purpose of the entire agreement and the surrounding circumstances (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]; *Konsky v Escada Hair Salon, Inc.*, 113 AD3d at 659). "[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009]; *see* General Obligations Law § 5-322.1; *Konsky v Escada Hair Salon, Inc.*, 113 AD3d at 659).

Here, 117 Kent Avenue, LLC, and 66-68 Washington Avenue, LLC (hereinafter together the Owners), established their prima facie entitlement to judgment as a matter of law by submitting proof that the plaintiff's injuries occurred when the planks covering an opening in the floor upon which he was walking gave way while he was retrieving materials in connection with the carpentry work that he was performing on behalf of his employer, CHS Contracting, LLC (hereinafter CHS).

CHS agreed in its subcontract with the general contractor, Eighth Avenue Builder Corp. (hereinafter Eighth Avenue), to indemnify the Owners for "all claims . . . arising in whole or in part and in any manner" from CHS's "acts, omissions, breach or default" in connection with "any work" performed by or for CHS pursuant to the contract, "except those claims . . . caused by the negligence of Eighth Avenue Builders Corp." The Owners made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that they were free from negligence in the happening of the accident, and that CHS was contractually obligated to indemnify them against liability arising from the plaintiff's claims (*see Tobio v Boston Props., Inc.*, 54 AD3d 1022 [2008]; *Keena v Gucci Shops*, 300 AD2d 82 [2002]).

In opposition, however, CHS raised a triable issue of fact as to whether the Owners or Eighth Avenue were negligent and whether this negligence caused or contributed to the accident (*see* General Obligations Law § 5-322.1; *Konsky v Escada Hair Salon, Inc.*, 113 AD3d at 659; *Cava Constr. Co., Inc. v Gealtec*

*Remodeling Corp.*, 58 AD3d at 662). CHS raised a triable issue of fact as to whether Eighth Avenue's placement of the planks caused the plaintiff's accident, and whether the Owners had knowledge or should have had knowledge of this allegedly dangerous condition. Accordingly, the Supreme Court should have denied that branch of the Owners' motion which was for summary judgment on their third-party cause of action for contractual indemnification.

The Supreme Court properly denied that branch of CHS's motion which was for summary judgment dismissing the Owners' third-party causes of action against it. CHS failed to establish its prima facie entitlement to judgment as a matter of law (*see Konsky v Escada Hair Salon, Inc.*, 113 AD3d at 659). The evidence submitted by CHS on the motion failed to eliminate all triable issues of fact as to whether CHS was negligent and, if so, whether that negligence contributed to the accident. Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.