(May 31, 2016)

■ ROBERT BUTT, Appellant, v EQUINOX 63RD STREET, INC., Doing Business as EQUINOX FITNESS CLUB, et al., Respondents, et al., Defendant. [32 NYS3d 160]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered May 28, 2014, which granted the motion of the fitness club defendants (Equinox) for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Equinox established entitlement to judgment as a matter of law, in this action where plaintiff was injured while weightlifting at Equinox with an Equinox personal trainer. Equinox submitted evidence showing that plaintiff was an experienced weightlifter, that he understood the techniques involved and the inherent risks in the sport from publications, and from his personal training sessions, that he knew and appreciated the 230 to 240 pounds of weight the personal trainer had set up on his barbell for a single, bench press to close out the training session, and that he elected to attempt the bench press when the trainer encouraged him following plaintiff's brief questioning of the amount of weight. Such evidence established that plaintiff appreciated the risks, including the weight to be lifted, and that he voluntarily assumed the common and inherent risks associated with the sport (*see Lee v Maloney*, 270 AD2d 689 [3d Dept 2000]; *see also Feeney v Manhattan Sports Club*, 227 AD2d 293 [1st Dept 1996]).

In opposition, plaintiff failed to raise a triable issue of fact. There was no evidence that the personal trainer provided inadequate attention as a spotter during plaintiff's attempted bench press. Plaintiff's testimony that the personal trainer engaged in conversations with plaintiff and two other trainers at the time plaintiff questioned his ability to lift the weight is insufficient, absent speculative assumptions, to raise a factual issue as to whether the conversations continued during the actual attempted lift. In fact, the record shows that the personal trainer stood behind plaintiff in the spotter's position, and within seconds of plaintiff's failed lift attempt, the trainer assisted plaintiff in placing the weight safely back on the bench post. Plaintiff also offered no expert testimony to indicate that the weight lifted at the time of his injury was inordinate and beyond his capacity. Plaintiff admittedly bench pressed 220 pounds on a repetition basis earlier in the same training session and had lifted more weight in the past.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Saxe, Gische and Kahn, JJ.