■ SCOTT A. BARBUTO, Respondent, v CLUB VENTURES INVESTMENTS LLC, Doing Business as DAVIDBARTONGYM, Appellant. [40 NYS3d 68]—

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about January 29, 2016, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established prima facie that plaintiff, an experienced weightlifter and user of Smith weightlifting machines, assumed the risks inherent in this activity, including the risk of being injured by falling weights while working out on a Smith machine and the risks resulting from open, obvious, and not concealed "suboptimal" conditions such as equipment configuration (*see Bukowski v Clarkson Univ.*, 19 NY3d 353, 357 [2012]; *Butt v Equinox 63rd St., Inc.*, 139 AD3d 614 [1st Dept 2016]; *Roberts v Boys & Girls Republic, Inc.*, 51 AD3d 246

[1st Dept 2008], *affd* 10 NY3d 889 [2008]). In opposition, plaintiff's expert report raised an issue of fact as to whether the subject Smith machine was faulty, which risk plaintiff cannot be said to have assumed (*see Bukowski*, 19 NY3d at 357; *Zelkowitz v Country Group, Inc.*, 142 AD3d 424 [1st Dept 2016]; *Alqurashi v Party of Four, Inc.*, 89 AD3d 1047 [2d Dept 2011]).

Defendant established prima facie that it neither created nor had actual or constructive notice of the alleged defect, by submitting evidence that the employees who ran the gym were unaware of any previous complaints or accidents involving the machine and that the machine was found to be in good working order immediately after the accident and thereafter continued to be used safely (*see Dyer v City of Albany*, 121 AD3d 1238 [3d Dept 2014]). In opposition, plaintiff raised an issue of fact as to actual notice by submitting an affidavit by another gym member stating that he had previously complained about the subject machine, which was frequently out of order. Although plaintiff initially submitted the witness's statement in inadmissible form, he indicated that the witness would be available to testify, and, in reply on his cross motion, submitted an affidavit by the witness with the explanation that the witness had been traveling outside the state and was unable to submit a sworn statement until his return (*see Maldonado v Townsend Ave. Enters., Ltd. Partnership*, 294 AD2d 207 [1st Dept 2002]; *Ralat v New York City Hous. Auth.*, 265 AD2d 185 [1st Dept 1999]). As to defendant's contention that plaintiff was the sole proximate cause of his accident, the conflicting expert opinions preclude summary judgment. Concur—Tom, J.P., Mazzarelli, Richter, Manzanet-Daniels and Webber, JJ.