■ JACQUELINE A. GILLERN, as Administrator of the Estate of JOHN J. GILLERN, JR., Deceased, et al., Respondents, v ED

MAHONEY et al., Defendants, and MEMORIAL SLOANE KETTERING, Appellant. [60 NYS3d 819]—

Order, Supreme Court, New York County, (Joan M. Kenney, J.), entered January 7, 2016, which, to the extent appealed from, denied defendant Memorial Sloane Kettering's (MSK) motion to dismiss plaintiff's causes of action for negligence and wrongful death, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly. Appeal from order, same Court and Justice, entered on or about August 8, 2016, which denied the motion of MSK seeking leave to amend its answer to assert the worker's compensation affirmative defense, unanimously dismissed, without costs, as academic.

Decedent, plaintiff's husband and an employee of MSK, became intoxicated at a holiday party organized by workers in MSK's facilities department. The party was not sanctioned by MSK, held on MSK property, or paid for by MSK, and all employees there were off duty. Coworker friends of the decedent contacted plaintiff, a registered nurse at MSK, and then helped decedent into her car. Plaintiff drove home and left decedent in the car, parked in their driveway, to sleep off his condition. Approximately one hour later, plaintiff checked on decedent, and found him now on the floor of the back seat, unresponsive. The autopsy report lists the cause of the death as alcohol intoxication and positional asphyxia.

The motion court erred in denying summary judgment to MSK. Their employees, in assisting decedent and placing him in his wife's care, did not assume a duty, and nothing they did placed him in a worse or different position of danger (*see Malpeli v Yenna*, 81 AD3d 607 [2d Dept 2011]; *compare Seeger v Marketplace*, 101 AD3d 1691 [4th Dept 2012]). Any opinions rendered about medical attention being unnecessary were nonactionable gratuitous commentary (*see Feeney v Manhattan Sports Club*, 227 AD2d 293 [1st Dept 1996]). Moreover, placing decedent into the car was not the proximate cause of his death; it merely furnished the occasion for the unfortunate occurrence (*see Sheehan v City of New York*, 40 NY2d 496 [1976]; *see also Bonomonte v City of New York*, 79 AD3d 515 [1st Dept 2010], *affd* 17 NY3d 866 [2011]).

Our findings render MSK's remaining arguments, including those regarding the affirmative defense of workers' compensation, academic. Concur—Acosta, P.J., Renwick, Webber, Oing and Moulton, JJ.