New York Schs. Ins. Reciprocal v Milburn Sales Co., Inc. (2018 NY Slip Op 06924)





New York Schs. Ins. Reciprocal v Milburn Sales Co., Inc.


2018 NY Slip Op 06924


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-04399
2016-04808
 (Index No. 2848/11)

[*1]New York Schools Insurance Reciprocal, etc., plaintiff-respondent, 
v
Milburn Sales Co., Inc., etc., defendant third-party/second third-party plaintiff-respondent-appellant; Stalco Construction, Inc., et al., third-party defendants; K.P. Organization of Quality Painting, Inc., second third-party defendant-appellant-respondent.


O'Connor, O'Connor, Hintz & Deveney, LLP, Melville, NY (Dawn C. Faillace-Dillon of counsel), for second third-party defendant-appellant-respondent.
Carroll, McNulty & Kull LLC, New York, NY (Michael Schneider of counsel), for defendant third-party/second third-party plaintiff-respondent-appellant.



DECISION & ORDER
In a subrogation action to recover for property damage and a second third-party action for contribution and indemnification, the second third-party defendant appeals, and the defendant third-party/second third-party plaintiff separately appeals, from (1) a decision of the Supreme Court, Suffolk County (James Hudson, J.), dated March 14, 2016, and (2) an amended order of the same court also dated March 14, 2016. The amended order, insofar as appealed from by the second third-party defendant, denied, with leave to renew upon the completion of discovery, the second third-party defendant's motion for summary judgment dismissing the second third-party complaint. The amended order, insofar as appealed from by the defendant third-party/second third-party plaintiff, granted the plaintiff's motion to sever the second third-party action.
ORDERED that the appeals from the decision are dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the amended order is reversed, on the law, the second third-party defendant's motion for summary judgment dismissing the second third-party complaint is granted, and the plaintiff's motion to sever the second third-party action is denied as academic; and it is further,
ORDERED that one bill of costs is awarded to the second third-party defendant, payable by the defendant third-party/second third-party plaintiff.
On February 18, 2010, a fire damaged a school in the West Babylon Union Free School District (hereinafter the school district). In the weeks leading up to the fire, various contractors, including the defendant third-party/second third-party plaintiff, Milburn Sales Co., Inc. (hereinafter Milburn), and the second third-party defendant, K.P. Organization of Quality Painting, Inc. (hereinafter K.P.), had performed work at the school.
The plaintiff commenced this subrogation action against Milburn to recover damages that the plaintiff had paid to the school district. Milburn then commenced a third-party action seeking contribution and indemnification from other contractors who had worked at the school and later commenced a second third-party action seeking contribution and indemnification from K.P. K.P. moved for summary judgment dismissing the second third-party complaint. The plaintiff moved to sever the second third-party action. The Supreme Court denied K.P.'s motion for summary judgment dismissing the second third-party complaint, with leave to renew upon the completion of discovery, and granted the plaintiff's motion to sever the second third-party action. K.P. and Milburn separately appeal.
Contrary to the Supreme Court's determination, K.P. established its prima facie entitlement to judgment as a matter of law dismissing the second third-party complaint. Through the submission of the fire marshal's report, the plaintiff's expert's report, and the affidavit of K.P.'s vice president, K.P. demonstrated, prima facie, that it did not cause or contribute to the fire. In opposition, Milburn failed to demonstrate that the motion was premature, as it did not establish "that its ignorance was unavoidable and that reasonable attempts were made to discover the facts which would give rise to a triable issue of fact" (Companion Life Ins. Co. of N.Y. v All State Abstract Corp., 35 AD3d 519, 521). Nor did Milburn raise a triable issue of fact as to whether K.P. caused or contributed to the fire. Because there was no triable issue of fact as to whether K.P. caused or contributed to the fire, the Supreme Court should have granted K.P.'s motion for summary judgment dismissing the second third-party complaint (see Rehberger v Garguilo & Orzechowski, LLP, 118 AD3d 765, 766-767; Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 755-756; Jaikran v Shoppers Jamaica, LLC, 85 AD3d 864, 866; Guerra v St. Catherine of Sienna, 79 AD3d 808, 809; County of Westchester v Welton Becket Assoc., 102 AD2d 34, 46-47).
In light of the foregoing, the plaintiff's motion to sever the second third-party action is academic. Accordingly, we reverse so much of the amended order as granted that motion and deny that motion as academic.
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court