Mable v 384 E. Assoc., LLC (2019 NY Slip Op 06442)





Mable v 384 E. Assoc., LLC


2019 NY Slip Op 06442


Decided on September 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 3, 2019

Sweeny, J.P., Richter, Kapnick, Oing, Singh, JJ.


9452 25611/15

[*1]Andrew Mable, Plaintiff-Appellant,
v
384 East Associates, LLC, et al., Defendants-Respondents.
384 East Associates, LLC, et al., Third-Party Plaintiffs,
v
All Borough Elevator, LLC, Third-Party Defendant-Respondent.


Law Offices of Michael S. Lamonsoff, PLLC, New York (Kyle Bruno of counsel), for appellant.
Babchik & Young, LLP, White Plains (Matthew C. Mann of counsel), for 384 East Associates, LLC and Proto Property Services, LLC, respondents.
Gottlieb, Siegel & Schwartz, LLP, New York (Lauren M. Solari of counsel), for All Borough Elevator, LLC, respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about July 31, 2018, which granted defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions denied.
Plaintiff was injured on August 3, 2015, when an elevator door allegedly closed on his right thumb. Plaintiff commenced this action against defendants 384 East Associates, LLC (the property owner), Proto Property Services, LLC (the property management company), and All Borough Elevator, LLC (the elevator service company), for damages arising from his injury. Triable issues of fact regarding whether defendants had actual or constructive notice of problems with the elevator door preclude the granting of summary judgment.
The superintendent-in-training on the date of the accident testified that he did not receive any complaints regarding problems with the elevator door. The field mechanic for All Borough testified that he did not complete any repair work with respect to the door opening and closing too quickly. He did, however, replace the elevator shoe which is a necessary component for the elevator door to be able to close, although he could not recall exactly when in 2015 he replaced that part. The field mechanic also testified that if a resident of the building had a complaint regarding the elevator, the superintendent would contact All Borough's office.
Plaintiff, however, testified that prior to his accident he had complained to the then superintendent, another building maintenance employee, and the management company numerous times regarding the velocity with which the elevator door closed. Plaintiff testified further that during one of his conversations with the management company regarding the elevator door, he was told that management would send a service company out to address the issue. Additionally, plaintiff testified that approximately two months before his accident, he witnessed a friend get hit in the shoulder by the fast closing elevator door, and that plaintiff and his mother reported this incident to the then superintendent and the management company.
The parties also presented conflicting expert affidavits regarding the potential causes of the alleged elevator door malfunction, including the purpose of the elevator shoe, and the [*2]relevance of the velocity with which the door closed as it pertained to the cause of plaintiff's injury, which only further precludes a grant of summary judgment (Shatsky v Highpoint Assoc. V, LLC, 170 AD3d 497, 497 [1st Dept 2019]; Barbuto v Club Ventures Invs. LLC, 143 AD3d 606, 607 [1st Dept 2016]).
We decline to consider plaintiff's res ipsa loquitur arguments because they present factual issues that were not submitted to the motion court (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408-409 [1st Dept 2009]).
Lastly, although the parties briefed the issue of whether plaintiff is entitled to records relating to the 2018 modernization of the elevator, it was not dealt with by Supreme Court in light of its decision granting summary judgment to defendants. Therefore, this issue, should the parties choose to pursue it, should be decided by the IAS court upon appropriate motion or application.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 3, 2019
CLERK