Santoro v Poughkeepsie Crossings, LLC (2019 NY Slip Op 08883)





Santoro v Poughkeepsie Crossings, LLC


2019 NY Slip Op 08883


Decided on December 11, 2019


Appellate Division, Second Department


Hinds-Radix, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-00002
 (Index No. 52070/16)

[*1]Sandra Santoro, etc., plaintiff, 
v
Poughkeepsie Crossings, LLC, defendant third-party plaintiff-respondent; Sandra Santoro, third-party defendant-appellant.



APPEAL by the third-party defendant, in an action, inter alia, to recover damages for wrongful death and conscious pain and suffering, from an order of the Supreme Court (James V. Brands, J.), dated December 5, 2017, and entered in Dutchess County. The order, insofar as appealed from, denied the cross motion of the third-party defendant pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint for failure to state a cause of action.



Goldstein & Goldstein, LLP, Poughkeepsie, NY (Paul J. Goldstein of counsel), for third-party defendant-appellant.
Simon Lesser P.C., New York, NY (Leonard F. Lesser of counsel), for defendant third-party plaintiff-respondent.



HINDS-RADIX, J.


OPINION & ORDER
At issue in this case is whether the defendant third-party plaintiff, Poughkeepsie Crossings, LLC (hereinafter the defendant), which owned and operated a residential health care facility, stated a cause of action against the third-party defendant, Sandra Santoro, for indemnification or contribution for injuries sustained by her mother, Inez J. Salvatore (hereinafter the decedent). We conclude that the defendant failed to state a cause of action against Santoro.
Santoro commenced the main action as executor of the decedent's estate, alleging that the defendant failed to provide adequate treatment to the decedent while she was a patient at its facility between March 17, 2015, and May 9, 2015, after her hospitalization for a heart attack. On March 30, 2015, while the decedent was a patient at the facility, she fell, fracturing several ribs and puncturing her lung. She was transferred back to the hospital and remained there for treatment until April 3, 2015, when she was returned to the defendant's facility. On May 9, 2015, the decedent was discharged to her home, where she had lived with Santoro since 1999. On May 12, 2015, the decedent fell at home while walking to a portable commode near her bed and fractured her hip. She was taken back to the hospital, where she underwent surgery. The decedent died on May 22, 2015, from septic shock, allegedly as the result of injuries she sustained in her fall at the defendant's facility on March 30, 2015.
In response to the main action commenced by Santoro, as executor of the decedent's estate, the defendant commenced a third-party action against Santoro, individually, seeking common-law indemnification and contribution based upon Santoro's alleged negligent supervision of the decedent in failing to follow its discharge instructions. The defendant alleged that Santoro failed to install a monitoring system in her house and to arrange for 24-hour care, seven days a week, contrary to the defendant's "clear and explicit instructions as to how to best care for the Decedent." The [*2]defendant further alleged that the cause of the decedent's death was septic shock resulting from C. difficile colitis, and that her death was in no way related to the fall on March 30, 2015, in its facility.
The defendant moved to disqualify Santoro's counsel on the ground that counsel's continued representation of Santoro as the fiduciary of the decedent's estate and as a third-party defendant based upon her alleged failure "to properly supervise and control her frail mother in disregard of [the defendant's] discharge instructions which led to [the decedent's] most recent fall and hospitalization (and eventual passing), represents an unwaivable concurrent conflict of interest."
Santoro cross-moved pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint for failure to state a cause of action, arguing that there is no cognizable claim for an adult child's failure to provide adequate supervision to a parent or other adult family member. She further contended that "the probability of later death, from causes for which the defendant was not responsible, is an element in fixing damages," and, therefore, the defendant could argue that the decedent's "death was either caused by or contributed [to] by the subsequent fall, without the need" to sue Santoro in a third-party action. In reply, the defendant asserted that Santoro breached a duty to the decedent which was not based upon a family relationship, but was, rather, a duty "that would have ordinarily been owed to any other person."
In an order dated December 5, 2017, the Supreme Court denied Santoro's cross motion to dismiss the third-party complaint, determining that there were issues of fact as to whether Santoro assumed a duty of care for the decedent upon the decedent's discharge from the defendant's facility in accordance with the discharge instructions and, if so, whether Santoro was negligent in her post-discharge care, and whether any such negligence caused or contributed to the death of the decedent. The question of whether Santoro's counsel should be disqualified was deferred for further consideration at a conference. Santoro appeals from so much of the order as denied her cross motion. The issue of her counsel's disqualification is not before this Court on the instant appeal.
On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, " the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Blum v Citibank, NA, 162 AD3d 631, 632, quoting Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704; see Attallah v Milbank, Tweed, Hadley & McCloy, LLP, 168 AD3d 1026; Kligler-Weiss Infosystems, Inc. v Ruskin Moscou Faltischek, P.C., 159 AD3d 683, 684; SV Vernon 43, LLC v Malik, 138 AD3d 730, 731). "[H]owever, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration'" (Attallah v Milbank, Tweed, Hadley & McCloy, LLP, 168 AD3d at 1028, quoting Maas v Cornell Univ., 94 NY2d 87, 91; see Myers v Schneiderman, 30 NY3d 1, 11; Phillips v Trommel Constr., 101 AD3d 1097, 1098).
"[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor'" (Raquet v Braun, 90 NY2d 177, 183, quoting Mas v Two Bridges Assoc., 75 NY2d 680, 690) to reimburse the indemnitee for damages the indemnitee was compelled to pay for the wrongdoing of the indemnitor (see Oceanic Steam Nav. Co. [Ltd.] v Compania Transatlantica Espanola, 134 NY 461, 468; see Board of Mgrs. of Olive Park Condominium v Maspeth Props., LLC, 170 AD3d 645, 647). " [T]he predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee'" (Henderson v Waldbaums, 149 AD2d 461, 462, quoting Trustees of Columbia Univ. v Mitchell/Giurgola Assoc., 109 AD2d 449, 453; see Dreyfus v MPCC Corp., 124 AD3d 830; Konsky v Escada Hair Salon, Inc., 113 AD3d 656, 658), that is, the "defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious" (Balladares v Southgate Owners Corp., 40 AD3d 667, 671; see Board of Mgrs. of Olive Park Condominium v Maspeth Props., LLC, 170 AD3d 645). "In the classic indemnification case,' the one seeking indemnity had committed no wrong, but by virtue of some relationship with the tort-feasor or obligation imposed by law, was nevertheless held liable to the injured party'" (Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 646, quoting D'Ambrosio v City of New York, 55 NY2d 454, 461). Thus, if a party is liable "solely on account of the negligence of another, indemnification, not contribution, principles apply to shift the entire liability to the one who was negligent" (D'Ambrosio v City of New York, 55 NY2d at 462). "Conversely, where a party is held liable at least partially because of its own negligence, contribution against other culpable tort-feasors is the only available remedy" (Glaser v Fortunoff of Westbury Corp., 71 NY2d at 646).
Here, the defendant has not alleged any scenario under which it could be held vicariously or statutorily liable for any negligence of Santoro. Any liability for damages imposed upon the defendant for the decedent's injuries would be imposed upon it by virtue of its own conduct. Therefore, that branch of Santoro's cross motion which was to dismiss the third-party cause of action sounding in common-law indemnification should have been granted (see Konsky v Escada Hair Salon, Inc., 113 AD3d 656, 658).
With respect to contribution, "[t]he critical requirement for apportionment under . . . CPLR article 14 is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought" (Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d 599, 603). "To sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that the third-party defendant owed it a duty of reasonable care independent of its contractual obligations[, if any], or that a duty was owed to the plaintiffs as injured parties and that a breach of that duty contributed to the alleged injuries" (Guerra v St. Catherine of Sienna, 79 AD3d 808, 809; see Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 699-700; Guadalupi v Morelli, 127 AD3d 1016, 1017; Baratta v Home Depot USA, 303 AD2d 434). "[T]he remedy may be invoked against concurrent, successive, independent, alternative and even intentional tortfeasors" (Raquet v Braun, 90 NY2d at 183; see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 27). " All that is required for contribution is that two people be held liable for the same personal injury'" (Contino v Roberts Health Spa, 125 AD2d 437, 438, quoting Joseph M. McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:3 at 362 [1976 ed]). "[W]here the plaintiff's injury is such that it is incapable of a reasonable or practicable division or allocation between the tortfeasors, the focus shifts to the relative degree of fault of the multiple tortfeasors and contribution becomes appropriate" (Lewis v Yonkers Gen. Hosp., 174 AD2d 611, 612; see La Fountaine v Franzese, 282 AD2d 935).
In this case, it is alleged that Santoro either caused, contributed to, or exacerbated the decedent's injuries, which could be the basis of a cause of action for contribution (see Ravo v Rogatnick, 70 NY2d 305, 310), based upon a duty owed either to the decedent or to the defendant (see Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d at 603). The issue here is whether such a duty existed.
The elements of a cause of action sounding in negligence are the existence of a duty that the defendant owed to the plaintiff, a breach of that duty, and that the breach of that duty was a proximate cause of the plaintiff's injuries (see Pulka v Edelman, 40 NY2d 781, 782; Wang v Barr & Barr, Inc., 127 AD3d 964, 964; Fox v Marshall, 88 AD3d 131, 136). Absent a duty of care to the injured party, there is no breach and no liability (see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 289). Foreseeability does not define the duty (see Pulka v Edelman, 40 NY2d at 785), but merely defines the scope of the duty, once it is determined to exist (see Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232; Eiseman v State of New York, 70 NY2d 175, 187; Kallem v Mandracchia, 111 AD3d 893).
The existence of a duty is generally a question of law for the courts, which may be resolved "by resort to common concepts of morality, logic and consideration of the social consequences of imposing the duty" (Tenuto v Lederle Labs., Div. of Am. Cyanamid Co., 90 NY2d 606, 612; see Cohen v Cabrini Med. Ctr., 94 NY2d 639, 642; Eiseman v State of New York, 70 NY2d at 187). A legal duty may be imposed either by law or by contract (see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711; Sommer v Federal Signal Corp., 79 NY2d 540, 551-552).
Thus, a party may assume a duty by entering into a contractual relationship (see Tooker v Tooker, 193 AD2d 563; Thibault v Franzese, 24 AD2d 903). "The very nature of a contractual obligation, and the public interest in seeing it performed with reasonable care, may give rise to a duty of reasonable care in performance of the contract obligations, and the breach of that independent duty will give rise to a tort claim" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 316), which may be the basis of contribution (see AG Captial Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582; Sommer v Federal Signal Corp., 79 NY2d 540). However, there is no allegation in this case that Santoro assumed a contractual duty to the decedent to take care of her or to provide treatment for her condition.
A party may be found liable for negligence based upon a breach of a duty of care owed to the public at large (see Grivas v Grivas, 113 AD2d 264). Such a duty arises where any third [*3]party who came in contact with the condition could sue for damages (see Maldonado v Newport Gardens, Inc., 91 AD3d 731, 732; cf. Siragusa v Conair Corp., 153 AD3d 1376). Here, the defendant alleges that Santoro assumed a duty to care for the decedent in accordance with the defendant's instructions "that would have ordinarily been owed to any other person." However, "[o]rdinarily a person owes no duty to members of the public at large except to avoid injury to them by forces set in motion by such person or those acting as his [or her] agents" (Ford v Grand Union Co., 268 NY 243, 248). There is no allegation that Santoro or her agents set forces in motion which caused the decedent's injuries. Rather, the gravamen of the defendant's purported cause of action is that the decedent herself set those forces in motion, and that her injuries were caused by Santoro's failure to sufficiently supervise her.
The defendant argues that Santoro voluntarily assumed a duty of care by taking the decedent home. On this point, the parties cite Holodook v Spencer (36 NY2d 35), which ruled that "a child does not have a legally cognizable claim for damages against his [or her] parent for negligent supervision," and "the absence of [a] primary cause of action defeat[ed] the counterclaim and third-party complaint" (id. at 40, 51). This rule also applies to an adult child with developmental disabilities in the care of his or her parent (see LaTorre v Genesee Mgt., 90 NY2d 576) and to a child in the care of an unemancipated older sibling (see Smith v Sapienza, 52 NY2d 82).
There are exceptions where liability for damages may be imposed. For example, there is a parental duty "to protect third parties from the foreseeable harm that results from the children's improvident use of dangerous instruments, to the extent that such use is subject to parental control" (Nolechek v Gesuale, 46 NY2d 332, 340). Further, where a family member is an employee of the facility where the injury occurred, there may be a cause of action against the family member for negligent performance of his or her duties as an employee (see Stewart v Brown, 104 AD2d 127). Neither the general rule enunciated nor the exceptions to the general rule are applicable in this case, which involves an alleged duty of a child to care for a parent, and not vice versa.
There is no common-law duty of a child to care for a parent (see Ulrich v Ulrich, 136 NY 120). While a statutory duty may be imposed in derogation of common law, the defendant here does not rely on any such statute. However, a duty may also be imposed by contract (id. at 123-124). "The general rule is that, where the relationship between the parties is that of parent and child, the law presumes that where there is no proof of a contract under which the services were performed . . . they were rendered gratuitously" (Seaman v Jamison, 158 App Div 832, 835; see Canute v Minor, 232 App Div 325, 327, affd 258 NY 558).
However, a party also may assume a duty to a third party based upon gratuitous conduct. As stated in the Restatement (Second) of Torts, "[o]ne who undertakes, gratuitously or for consideration, to render services to another which he [or she] should recognize as necessary for the protection of a third person" can be subject to liability if a failure to exercise reasonable care "increases the risk of such harm," or "the harm is suffered because of reliance" upon the undertaking (Restatement [Second] of Torts § 324A[a], [c]). " [T]he question is whether [the] defendant's conduct placed [the] plaintiff in a more vulnerable position than [the] plaintiff would have been in had [the] defendant done nothing'" (Malpeli v Yenna, 81 AD3d 607, 609, quoting Heard v City of New York, 82 NY2d 66, 72; see Gillern v Mahoney, 154 AD3d 438). When determining whether a cause of action exists, the question is whether the alleged wrongdoer has "launched a force or instrument of harm," not whether the alleged wrongdoer "stopped where inaction is at most a refusal to become an instrument of good" (Malpeli v Yenna, 81 AD3d at 608-609 [internal quotation marks omitted]). In this case, the defendant alleged that Santoro failed to act in accordance with its instructions—which, in its view, would make her an instrument of good—not that she placed the decedent in a more vulnerable position than if she had done nothing. Therefore, the defendant failed to state a cause of action based upon gratuitous conduct.
Further, a duty may arise " where one has voluntarily assumed the care of another and so secluded the helpless person as to prevent others from rendering aid'" (Commonwealth v Pestinikas, 421 Pa Super 371, 380, 617 A2d 1339, 1343, quoting Jones v United States, 308 F2d 307, 310 [DC Cir]). However, the defendant cites no duty imposed in derogation of common law. Further, it is not alleged that Santoro secluded the decedent while she was in a helpless state, preventing others from rendering aid.
In the absence of a contractual duty, the failure to act can constitute breach of a legal duty, such as where the legislature has created a duty (see Sheehy v Big Flats Community Day, 73 [*4]NY2d 629)[FN1]. However, "[w]hile the Legislature can create a duty by statute, in most cases duty is defined by the courts, as a matter of policy" (Lauer v City of New York, 95 NY2d 95, 100). As previously noted, courts resolve such questions "by resort to common concepts of morality, logic and consideration of the social consequences of imposing the duty" (Tenuto v Lederle Labs., Div. of Am. Cyanamid Co., 90 NY2d at 612; Eiseman v State of New York, 70 NY2d at 187).
The defendant would impose a new duty on those who live with infirm individuals "to use reasonable care" and "be liable for harm caused by the failure to use reasonable care by affirmative act or omission" (Jacobs v Newton, 1 Misc 3d 171, 178 [Civ Ct, Kings County]). A lower court has recognized such a duty, but would define it as a duty owed by "a child who assumes responsibility for the care of a parent who is limited by age or illness, or both" (id. at 178). The imposition of such an obligation carries with it public policy considerations of possible negative consequences, since such a general obligation could discourage persons from residing with the infirm, discourage children and infirm parents from living together, and discourage the infirm from attempting to resume independent living (see generally McCabe v Dutchess County, 72 AD3d 145; Anthony v United States, 616 F Supp 156 [SD Iowa]). The circumstances alleged here "provide no justification for creating" such a duty (Adams v Genie Indus., Inc., 14 NY3d 535, 545).
Accordingly, Santoro's cross motion to dismiss the third-party complaint should have been granted.
MASTRO, J.P., MALTESE and BRATHWAITE NELSON, JJ., concur.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the third-party defendant pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint for failure to state a cause of action is granted.
ENTER:
Aprilanne Agostino
Clerk of the Court



Footnotes

Footnote 1:Breach of a duty created by the legislature gives rise to a cause of action "only if a private right of action may fairly be implied" (Sheehy v Big Flats Community Day, 73 NY2d at 633; Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 329-331).